UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID SANFORD,           ) | |
|     Plaintiff,      ) | |
| ) | |
| v.                       ) | Civil No. 07-50-B-W[1] |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant.     ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Because David Sanford waived his right to collaterally challenge his sentence, the Court grants the Government's motion for summary dismissal of his 28 U.S.C. § 2255 petition.

**I. STATEMENT OF FACTS**

On February 9, 2004, David Sanford appeared with his attorney before this Court to plead guilty to four counts of a five-count indictment pursuant to a revised plea agreement.[2] The Court engaged Mr. Sanford in a lengthy exchange about the nature of the crimes charged, the potential penalties, and the rights Mr. Sanford was surrendering by pleading guilty. Mr. Sanford repeatedly confirmed that he understood each of these matters. In particular, the Court discussed at length the appeal waiver provision in Mr. Sanford's plea agreement. The provision reads:

---

[1] This case concerns case number 1:03-CR-00053-JAW-2. Apart from Docket # 1 and # 3, the two motions currently pending for case number 7-50, all other references to docket materials are found in 3-53.

[2] The indictment alleged violations of: (1) 18 U.S.C. § l951(a) (conspiracy to obstruct justice by committing robbery with a stolen firearm); (2) 18 U.S.C. § 924(c)(1)(A) and 2 (using and carrying a .45 caliber semiautomatic handgun during the course of the robbery); (3) 18 U.S.C. § 922(j), 18 U.S.C. § 924(a)(2), and 18 U.S.C. § 924(e) (possession of a stolen firearm); (4) 18 U.S.C. §§ 922(g)(1) and 924(e) (possession of a firearm by a felon); and, (5) 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (possession of oxycodone with intent to distribute it). Mr. Sanford pleaded guilty to Counts 1, 3, 4, and 5; Count 2 was dismissed at sentencing.

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Defendant is also aware that he may, in some circumstances, argue that his plea should be set aside, or his sentence be set aside or reduced, in a collateral challenge (such as, but not limited to a motion under 28 U.S.C. § 2255). Knowing that, Defendant waives the right to appeal or to collaterally challenge the following:
>
> > A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case;
> >
> > B. The adoption by the District Court at sentencing of the positions found in paragraph 3 above;
> >
> > C. The imposition by the District Court of a sentence which does not exceed 240 months; and
> >
> > D. The conviction in the above-captioned case in the event that any predicate conviction used to adjudicate him a Career Offender pursuant to U.S.S.G. §4B1.1 is found invalid by any state or federal court.
>
> Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. This Agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

*Revised Plea Agreement* ¶ 5 (Docket # 109).

During the Rule 11 hearing, Mr. Sanford stated that he had read the agreement before signing it, understood everything in it, and, in signing it, intended to agree to all of its terms and conditions. The Court specifically highlighted a number of its provisions. With respect to subsection (C), the following exchange occurred:

> THE COURT: And we just reviewed in a lot of detail paragraph 3 and that includes all the recommendations that the

>court – that the parties are going to make to the court.[3] Do you understand that?
>
>THE DEFENDANT: Yes, I do, Your Honor.
>
>THE COURT: And if the court decides to adopt the recommendations of the parties and the positions found in paragraph 3, you've agreed not to appeal that or later challenge it. Do you understand that?
>
>THE DEFENDANT: Yes, sir, I do.
>
>THE COURT: Under C, the imposition by the district court of a sentence that does not exceed 240 months. Do you see that, sir?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: So that if I impose a sentence that does not exceed 240 months, you've agreed not to appeal that or later try and challenge it. Is that your understanding?
>
>THE DEFENDANT: Yes, it is, Your Honor.

*Rule 11 Tr*. at 42:22-25, 43:1-14 (Docket # 140). At sentencing on August 11, 2004, the Court stated: "I am going to accept the recommendations of both the government and the defendant in the plea agreement and sentence you to 240 months in prison." *Con't Sent. Tr.* at 23:13-15 (Docket # 134).

Notwithstanding the Court's sentence – which invoked the terms and conditions of the plea agreement, including the appeal waiver provision – Mr. Sanford filed a Notice of Appeal on August 17, 2004. (Docket # 130). On appeal, Mr. Sanford's primary argument was that his guilty plea was involuntary because medications he had taken the morning he

---

[3] Paragraph 3 of the plea agreement provided that the parties agreed to recommend an adjusted offense level of 34, a two-level adjustment for acceptance of responsibility, a criminal history category of IV, and a Guideline range of 210 to 262 months. *Plea Agreement* ¶ 3. Mr. Sanford further stipulated that he is an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4 and that he is a career offender pursuant to U.S.S.G § 4B1.1. *Id*. Paragraph 4 provided that the parties agreed to recommend a sentence of 240 months but that the recommendation would not be binding and, in the event the Court rejected the recommendation, Mr. Sanford would not be permitted to withdraw his guilty plea. *Id*. ¶ 4.

entered his plea interfered with his ability to understand the Rule 11 hearing. *United States v. Sanford*, 160 Fed. Appx. 1, 1 (1st Cir. 2005). After determining that the involuntariness claim failed, the First Circuit turned to the waiver of appeal provision. *Id*. at 2. The Court said:

> [W]e find no impediment to concluding that appellant effectively waived his appellate rights during the Rule 11 colloquy. After reviewing the Rule 11 transcript in its entirety, we conclude that the district judge took pains to explain that his right to appeal is circumscribed by his plea agreement, which includes a waiver of appeal provision clearly providing that – subject to an exception discussed below – appellant waives his right to appeal or to challenge his conviction and sentence collaterally. We see no miscarriage of justice in enforcing the provision.

*Id*.[4]

Mr. Sanford now moves to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel. (Docket # 1). In response, the Government moved for summary dismissal. (Docket # 3).

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings states: "If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *See also Barrett v. United States*, 965 F.2d 1184, 1995 (1st Cir. 1992). The First Circuit has made clear:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. . . . [Moreover] a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.

---

[4] The court likewise found unsustainable Mr. Sanford's claims based on *United States v. Booker*, 543 U.S. 220 (2005) and *Shepard v. United States*, 544 U.S. 13 (2005). *Sanford*, 160 Fed. Appx. at 2-3.

*United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). The First Circuit recently revisited the enforceability of appeal waiver provisions:

> [A] waiver of the right to appeal is binding when (i) "the written plea agreement signed by the defendant contains a clear statement elucidating the waiver and delineating its scope"; (ii) the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights"; and (iii) denial of the right to appeal does not work a miscarriage of justice.

*United States v. Miliano*, 480 F.3d 605, 608 (1st Cir. 2007) (citing *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)). The First Circuit has already concluded that Mr. Sanford's waiver of his appellate right was effective. *Sanford*, 160 Fed. Appx. at 1.

The *Miliano* analysis is applicable to Mr. Sanford's current collateral challenge based on ineffective counsel. First, Mr. Sanford's plea agreement expressly provided that he "waives the right to . . . collaterally challenge . . . [t]he imposition by the District Court of a sentence which does not exceed 240 months." *Plea Agreement* ¶ 5. Second, during the Rule 11 hearing, this Court engaged in an extensive colloquy with Mr. Sanford to ensure that he understood that this provision would significantly curtail his right to collaterally challenge any sentence which did not exceed 240 months; Mr. Sanford repeatedly confirmed that he understood. Finally, when Mr. Sanford appealed to the First Circuit, the First Circuit specifically found "no miscarriage of justice in enforcing the provision [waiving the right of appeal]." *Sanford*, 160 Fed. Appx. at 2. He has, therefore, effectively waived the right to make this collateral claim.

To be clear, Mr. Sanford has not demonstrated that the appeal waiver provision works a miscarriage of justice. In his petition, he claims that he was not competent to enter a guilty plea. The Court firmly rejects this claim. During the Rule 11 hearing, after learning that Mr.

Sanford had taken three medications that same morning and that he thought the medicine sometimes had an affect on his ability to understand, the following dialogue ensued:

> Q. Do you think that you today understand what is going on this morning?
> A. Yes, I do.
> Q. Are you able to understand what I've been saying to you?
> A. Yes, sir.
> Q. And do you think you're able to tell me what you're thinking?
> A. Yes, I do, Your Honor.
> Q. Is your mind clear?
> A. I guess as clear as it could be under the circumstances.
> Q. All right. Do you have any question but that you understand what is going on this morning?
> A. No, Your Honor.

*Rule 11 Tr.* at 4:16-25, 5:1-5. The Court concluded that Mr. Sanford was competent to enter a plea. *Id.* at 7:2-8. This conclusion was amply borne out throughout the rest of the proceeding. Mr. Sanford asked for and received additional time during the Rule 11 hearing to review the revised plea agreement with his counsel. *Id.* at 13:4-8. When the Court described Count One as a violation of the Hobbs Act, Mr. Sanford correctly volunteered: "I believe the charge is actually conspiracy, not that I actually committed the robbery." *Id.* at 19:12-14. At the end of the hearing, Mr. Sanford raised the question as to whether good time is allowed against a mandatory minimum prison term. *Id.* at 49:24-25, 50:1-25. The Court has reiterated its strong impression that Mr. Sanford is a "perceptive, intelligent, and articulate individual." *Con't Sent. Tr.* at 34:2-6. Having had the opportunity to observe Mr. Sanford at his Rule 11 and to evaluate his competence, the Court unequivocally affirms its determination that he was fully competent to enter a guilty plea on February 9, 2004.

Mr. Sanford next claims that the Rule 11 was "rushed" and that he was presented with a revised plea agreement that he did not have time to review. During the Rule 11, Mr.

6

Sanford suggested that he needed more time to consult with his attorney. *Rule 11 Tr.* at 11:4-9. The Court stopped the hearing to allow Mr. Sanford and his attorney to confer. After a 43-minute conference, Mr. Sanford acknowledged that he had had an adequate opportunity to discuss the charges with his lawyer. *Id.* at 18:1-14 ("Oh, yeah, yes, definitely, Your Honor."). The Court then directly asked Mr. Sanford whether he had read the revised plea agreement, whether he understood it, and whether he intended to agree to all its terms and conditions. He replied yes to each question. *Id.* at 38:1-20. The Court then reviewed in detail a number of its critical provisions. *Id.* at 38:21-25, 39:1-25, 40:1-25, 41:1-25, 42:1-25, 43:1-25, 44:1-19. The Court again concludes that Mr. Sanford's Rule 11 met each applicable standard of law and that his guilty pleas were knowing and voluntary.

Finally, Mr. Sanford complains about the length of his sentence: 240 months. Mr. Sanford's guideline range was between 210 to 262 months. Under the plea agreement, the parties, including Mr. Sanford, agreed to recommend that the Court impose a sentence of 240 months, which the Court accepted. At sentencing, it was revealed that Mr. Sanford had a significant prior criminal history. Moreover, the nature and circumstances of his offense were particularly egregious, including participating in stealing a handgun from a blind man, involving his naïve eighteen-year-old girlfriend in criminal activity, and abetting the armed robbery of prescription drugs from a retail pharmacy. Thus, in the space of two days, breaking the summertime peace and quiet of the rural community of Skowhegan, Maine, Mr. Sanford managed to commit a series of federal crimes involving guns, drugs, and violence. The Court rejects the claim that the sentence constituted a miscarriage of justice.

## III.  CONCLUSION

Because the Court concludes that Mr. Sanford is not entitled to relief, it GRANTS the Government's Motion for Summary Dismissal of Motion to Vacate, Set Aside, or Correct Sentence (Docket # 3).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2007